## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**George H. Watts,**
**Petitioner Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0813** (Wayne County 99-C-263)

**David Ballard, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner George Watts's appeal, filed by counsel D. Adrian Hoosier, arises from the Circuit Court of Wayne County, wherein petitioner's petition for writ of habeas corpus was denied by order entered on July 28, 2008. Respondent David Ballard, Warden, by counsel Laura Young, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal proceedings, a jury convicted petitioner on various sexual offense, robbery, and burglary charges. Petitioner's direct appeal of these convictions was refused. Petitioner thereafter filed his original petition for writ of habeas corpus in circuit court. In the habeas proceedings below, petitioner argued the following grounds for relief: (1) illegally obtained indictment, (2) insufficient evidence to support convictions, and (3) improper jury instructions. In April of 2006, the circuit court held a hearing at which petitioner's prior habeas counsel confirmed the items petitioner wished to argue from the Losh list.[1] In doing so, petitioner's prior habeas counsel clarified that petitioner did not wish to pursue a claim of ineffective assistance of trial counsel. In May of 2006, the circuit court held an omnibus evidentiary hearing. Following this hearing, it entered its order denying petitioner's request for habeas corpus relief. Petitioner appeals this order, raising only one of his original arguments presented in circuit court and two additional arguments.

Petitioner Watts first argues that the circuit court erred in denying him habeas corpus relief based on his assertion that he received an improper indictment. He reiterates that, before the circuit court, he argued that the prosecutor improperly influenced the grand jury to indict. Petitioner further argues that, because there is not a transcript for the omnibus evidentiary hearing, it is impossible to determine what was introduced on this matter. Accordingly, petitioner

---

[1] The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the Losh list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

1

concludes, there was ample evidence to introduce improper influence and the circuit court erred in not finding such. In response, Respondent Warden Ballard argues that petitioner failed to raise any claim concerning the indictment before trial. Respondent argues that, nevertheless, petitioner has failed to show abuse of discretion or error by the circuit court for this issue.

Second, petitioner argues that the circuit court erred in failing to make findings of fact and conclusions of law with regard to his assertions that he received ineffective assistance of trial counsel and ineffective assistance of his initial habeas counsel. Respondent contends that petitioner waived arguments concerning ineffective assistance of trial counsel and quotes from the hearing transcript excerpt in which the circuit court questioned counsel as to whether petitioner wished to argue ineffective assistance of trial counsel. To this, habeas counsel replied in the negative. With regard to petitioner's argument that the circuit court did not address his assertion that he received ineffective assistance of habeas counsel, respondent argues that petitioner has failed to develop an argument addressing this claim.

Lastly, petitioner argues that he was deprived of due process by the circuit court's failure to provide a copy of the transcript from the omnibus evidentiary hearing on petitioner's petition for writ of habeas corpus. Respondent argues that a circuit court deciding a petition for habeas corpus is not required to hold an omnibus evidentiary hearing. Respondent further argues that, not only is petitioner not entitled to such a hearing, but also that this transcript is not necessary to review the circuit court's rulings on appeal.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

The same standard for reviewing claims concerning ineffective assistance of trial counsel applies to reviewing claims concerning ineffective assistance of habeas corpus counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

With regard to whether a circuit court decides on a petition for writ of habeas corpus with or without an evidentiary hearing, we recognize the following:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Our review of the record uncovers no error by the circuit court in denying habeas corpus relief. The circuit court's order reflects its thorough analysis concerning petitioner's argument with regard to the grand jury proceedings. The dismissal of an indictment is only appropriate if it is established that a violation substantially influenced a grand jury's decision to indict, or if grave doubt exists that the decision to indict was free from the substantial influence of any such violation. Syl. Pt. 6, *State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989). We have reviewed the excerpts from the grand jury proceedings that petitioner submitted on appeal and find no abuse of discretion or error by the circuit court in this regard. As it pertains to petitioner's argument concerning ineffective assistance of trial counsel and of his first habeas counsel, we find that petitioner has failed to meet his burden of proof as directed by *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Lastly, we find no merit in petitioner's argument that he was entitled to an evidentiary hearing and was denied due process when he did not receive a copy of his requested transcript. It appears that the circuit court actually did hold an evidentiary omnibus hearing, but even if it did not, the issues petitioner raises on appeal are reviewable without reference to this transcript. Summarily, with regard to the arguments petitioner raises in his appeal, we find no error to warrant reversal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II